UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JODY LIBMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GREAT NORTHERN INSURANCE COMPANY;<br>CHUBB GROUP OF INSURANCE COMPANIES;<br>TA CUMMINGS JR. COMPANY;<br>ASSUREDPARTNERS, INC., and DAVID<br>SCHWARTZ,<br><br>    Defendants. | No. 16 C 2986<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Jody Libman ("Libman") alleges that Great Northern Insurance Company and the Chubb Group of Insurance Companies breached his home owner's insurance policy (Count I). R. 1-1 at 8. He also alleges that Great Northern and Chubb, along with the agent that brokered the policy, David Schwartz, and the agency Schwartz works for, TA Cummings Jr. Company (which is owned by AssuredPartners, Inc.) (collectively, the "Agency Defendants"), fraudulently induced Libman to sign the policy (Count III) and are liable for consumer fraud (Count II). *Id.* at 9-11. Lastly, Libman alleges that the Agency Defendants were negligent in not relaying information regarding the property to Great Northern and Chubb (Count IV). *Id.* at 11-12. Great Northern has moved to dismiss the fraud claims (Counts II & III) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 6. (Great Northern has not made a motion with respect to Count I.) The Agency

Defendants joined Great Northern's motion, *see* R. 37; R. 40, and separately moved to dismiss the negligence claim (Count IV) pursuant to Rule 12(b)(6). R. 38; R. 42; R. 43; R. 45. Great Northern has also moved to have Chubb stricken from the complaint, R. 5, and to dismiss for failure to join a necessary party, namely Libman's ex-wife, Tami Libman ("Tami"). R. 4. For the following reasons, the motions to dismiss Counts II, III, and IV are granted, the motion to strike is denied, and the motion to dismiss for failure to name a necessary party is denied in part and granted in part.

## Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

Great Northern renewed a home owner's insurance policy for Jody and Tami Libman effective August 30, 2014 (the "Policy"). *See* 4-1. The Policy is described as a "Chubb Masterpiece Policy" and was printed on "Chubb" letterhead. *Id.* at 3. The Policy's cover letter stated, "This mailing contains information about the renewal of your insurance policy with Chubb. . . . Relax. You're insured by Chubb." *Id.* at 2. The fine print at the bottom of the cover letter provided

> Chubb Group of Insurance Companies ("Chubb") is the marketing name used to refer to the insurance subsidiaries of The Chubb Corporation. Chubb Personal Insurance ("CPI") is the personnel lines property and casualty strategic business unit of Chubb & Son, a division of Federal Insurance Company, as manager and/or agent for the Insurers of Chubb Group of Insurance Companies.

*Id.* The Policy states that "Chubb Group of Insurance Companies" "provided" the Policy, *id.* at 5, and "Chubb" is generally referred to as the insurer throughout the Policy.

Libman purchased the Policy from defendant TA Cummings. R. 1-1 at 5 (¶ 12). TA Cummings is listed as the Policy's "producer" and "contact" for any questions. R. 4-1 at 2-3. Defendant Schwartz was the "account executive" at TA Cummings who worked with Libman. R. 1-1 at 6 (¶ 16).

3

Between August and December 2014 no one lived in the property covered by the Policy (the "Property"). *Id.* at 6 (¶ 19). Libman alleges that during the time the Property was unoccupied, he "was in regular contact with Schwartz. . . . [and] informed Schwartz . . . that the Property's units remained unoccupied, but that Libman was taking necessary steps to protect the Property." *Id.* (¶ 20). Libman also alleges that he regularly showed the Property to prospective tenants, thereby checking the status of the Property, and ensuring that "all utilities . . . were in working order," and "the temperature inside the Property was kept at a reasonable level." *Id.* (¶¶ 22-23). On December 4, 2014, water pipes at the Property burst and caused "extensive damage." *Id.* (¶ 24).

After investigating the incident, Chubb and Great Northern denied coverage under the Policy by letter dated September 14, 2015 (the "Letter"). *Id.* at 7 (¶¶ 27-31). The Letter provides the following in relevant part:

> [recitation of certain Policy provisions]
>
> No coverage is afforded under [the Policy] because the loss was intentionally caused or directed to be caused by you. Alternatively, no coverage is afforded under the Policy because you failed to use reasonable care to maintain heat the building.
>
> [further recitation of certain Policy provisions]
>
> No coverage is afforded under the [Policy] because you misrepresented or concealed material facts and circumstances concerning:
>
> (a)    The facts and circumstances surrounding the loss;
> (b)    The date you moved from the property;
> (c)    When you moved your contents out of the property;

4

> (d) The communications you had with your broker to keep him apprised of changes in risk;
> (e) Your maintenance of heat at sixty-five to sixty-eight degrees in the building.

*Id.* at 64-65.

## Analysis

I. **Motions to Dismiss Counts in the Complaint**

   A. **Count II**

In Count II, Libman alleges that Defendants violated the Illinois Consumer Fraud Act because they sold him an insurance policy "that was but a pretense." R. 1-1 at 9 (¶ 42). Libman elaborates on this allegation in his brief arguing that Great Northern and Chubb's denial of coverage was "made for no legitimate reason," and thus "demonstrates that the coverage contained in the policy was but a pretense and that Great Northern never intended to cover any loss to the Property whatsoever." R. 27 at 2-3.

Libman's claim in Count II boils down to the theory that Defendants' failure to cover his loss constitutes fraud because Defendants never intended to comply with the Policy. But it has long been recognized by Illinois courts that "neither a knowledge of inability to perform, nor an intention not to do so, would make the transaction fraudulent." *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1335 (Ill. App. Ct. 1st Dist. 1995) (quoting *Miller v. Sutliff*, 89 N.E. 651, 652 (Ill. 1909)). And with respect to the Illinois Consumer Fraud Act in particular, the Illinois Supreme Court has "rejected efforts by [a] plaintiff to enforce contractual promises through a consumer fraud action, holding that 'a breach of contractual promise, without more,

is not actionable under the Consumer Fraud Act.'" *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901 (7th Cir. 2006) (quoting *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005)). Defendants do not dispute that they are bound by the terms of the Policy. Alleging that they never intended to perform does not transform Libman's action from a mere breach of contract claim into a fraud claim. Therefore, Count II is dismissed.

### B. Count III

Count III is nothing more than Count II dressed up in the language of fraudulent inducement. Libman alleges that "Defendants made a false statement of material fact in telling [him] that the Policy would cover losses" such as the loss at issue here. R. 1-1 at 10 (¶ 47). But by its plain terms, the Policy covers damage caused by "freezing water in . . . plumbing"—like the damage at issue here—as long as the policy-holder "used reasonable care to maintain heat in the building." R. 4-1 at 24. Libman does not allege that Defendants told him he would *not* be required to maintain heat in the building. Notably, Libman makes no allegation at all regarding what he was told about the Policy's scope of coverage. As with Count II, Libman has generally alleged in Count III that Defendants intended that the Policy would not cover the circumstances of December 4, 2014, but he has failed to allege how they committed fraud that should permit him to avoid the terms of the Policy. Therefore, Count III is also dismissed.

### C. Count IV

With respect to Count IV, Libman argues that he "took appropriate steps to protect" the Property even though it was vacant, and that he told the Agency Defendants that he was doing so. R. 44 at 7. He contends, however, that because the Agency Defendants failed to "transmit this important information to [Great Northern and Chubb], Libman's claim was denied." *Id.* Libman alleges that this failure breached a duty the Agency Defendants had to him.

Assuming that the Agency Defendants had a duty to relay such information (which is an issue the Court does not need to reach), Libman has not sufficiently alleged that their failure to do so proximately caused his damage, i.e., Great Northern and Chubb's decision to deny coverage. In support of his contention that he was denied coverage because the Agency Defendants failed to tell Great Northern and Chubb that Libman was taking precautions to protect the Property, Libman cites the Letter's statement that Libman "made misrepresentations and concealed facts" regarding (1) the "facts and circumstances surrounding the loss"; (2) when he moved out of the Property; (3) the "communications [he] had with [the Agency Defendants] to keep [them] apprised of changes in risk"; and (4) his "maintenance of heat at sixty-five to sixty-eight degrees in the building." R. 1-1 at 65. Libman, of course, believes that he took proper precautions and that he told the Agency Defendants that he was doing so. On this basis, Libman interprets the Letter to say that if only the Agency Defendants had timely relayed the information

that Libman was taking proper precautions, Great Northern and Chubb would not have denied coverage.

But that is not what the Letter says. Rather, the Letter informs Libman that Great Northern and Chubb conducted an investigation into his claim, and on the basis of that investigation concluded that he "misrepresented and concealed material facts." *Id.* It is true that the Letter identifies the topics of these misrepresentations, but the failure to receive that particular information, whether from Libman directly or through the Agency Defendants, is not asserted as a basis for denial of coverage. Rather the basis for denial it is the allegation that Libman made misrepresentations and concealed facts regarding the information described in the Letter. Maybe Libman did not make any misrepresentations or conceal any facts, and this is not a valid basis for denial of coverage. But to the extent Libman made the misrepresentations or concealed the facts of which Great Northern and Chubb accuse him, the Agency Defendants cannot be responsible for Libman's own statements. Therefore, Count IV is also dismissed.

## II. Motion to Strike Chubb

Defendants argue that "Chubb Group of Insurance Companies" should be stricken as a defendant for two reasons: (1) the Letter provides that Libman's claim was denied by Great Northern, not Chubb; and (2) the "Chubb Group of Insurance Companies" is a marketing name and not a legal entity. Neither of these arguments is a basis to dismiss Chubb at this time.

Defendants' assertion that "Chubb Group of Insurance Companies" is not a legal entity, and the fine print on the Policy indicating that it is merely a marketing name, are an insufficient basis to make such a factual finding. Additional evidence of the Chubb corporate structure is required.

Additionally, although Defendants argue that Great Northern, and not Chubb, rejected Libman's claim, the signatory on the Letter identified himself as an employee of both "Chubb & Son" and Great Northern. Furthermore, both the Letter and the Policy reference numerous "Chubb" entities, so it appears that at least one of those entities is properly a defendant in this case, but the Court cannot say which one. Regardless of whether discovery is otherwise necessary in this case, Great Northern is ordered to provide Libman with documents demonstrating its corporate relationship to the Chubb entities, sufficient to enable Libman to determine the proper defendants in this case.

### III. Failure to Join Tami

Tami is a party to the Policy. Assuming that joining her "will not deprive the court of subject-matter jurisdiction," she must be joined because her absence exposes Defendants to multiple and potentially inconsistent obligations under the Policy and with respect to the claims at issue in this case. *See* Fed. R. Civ. P. 19(a)(B).

### Conclusion

For the foregoing reasons, Great Northern's motion to dismiss, R. 6, is granted, and Counts II and III are dismissed without prejudice. Additionally, the

9

Agency Defendants' motion to dismiss, R. 38, is granted, and Count IV is dismissed without prejudice. As a result, the Agency Defendants—TA Cummings Jr. Co.; AssuredPartners, Inc.; and David Schwartz—are dismissed from the case without prejudice.

Great Northern's motion to strike, R. 5, is denied. Great Northern's motion to dismiss for failure to join, R. 4, is granted to the extent that Libman must seek to join Tami as a plaintiff to this action, but denied in that the Court will not dismiss the case due to Libman's failure to join Tami to this point. Libman should join Tami by April 28, 2017, otherwise the Court will reconsider dismissing the case entirely.

Should Libman believe he can, consistent with Federal Rule of Civil Procedure 11, cure the deficiencies identified in this opinion, he may file a motion for leave to amend by April 28, 2017. The motion must attach a proposed amended complaint, and be supported by a brief of no more than five pages explaining how the proposed amendments address the Court's analysis in this opinion. Defendants should not respond to any such motion unless the Court so orders. If Libman does not file such a motion by April 28, 2017, the dismissal of Counts II, III, and IV will be with prejudice.

A status hearing is set for May 3, 2017.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 29, 2017